# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

| | | |
|---|---|---|
| GILBERT ROSALES,<br>    **Plaintiff,** | §<br>§<br>§ | |
| **v.** | §<br>§ | EP-18-CV-361-PRM |
| COCA-COLA SOUTHWEST<br>BEVERAGES LLC,<br>    **Defendant.** | §<br>§<br>§<br>§ | |

## MEMORANDUM OPINION AND
## ORDER SETTING JURY TRIAL REGARDING ARBITRABILITY

On this day, the Court considered Defendant Coca-Cola Southwest Beverages LLC's [hereinafter "Defendant"] "Motion to Dismiss and Compel Arbitration" (ECF No. 10) [hereinafter "Motion to Compel"], filed on January 24, 2019; Plaintiff Gilbert Rosales's [hereinafter "Plaintiff"] "Response to Defendant's Motion to Dismiss and Compel Arbitration, with Objections to Defendant's Proffers of Evidence" (ECF No. 14) [hereinafter "Response"], filed on February 7, 2019; and Defendant's "Reply in Support of its Motion to Dismiss and Compel Arbitration" (ECF No. 17) [hereinafter "Reply"], filed on February 14, 2019, in the above-captioned cause. After due consideration, the Court

is of the opinion that a jury trial should be set to determine whether the parties agreed to arbitrate this dispute, for the reasons that follow.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of an employment dispute. Plaintiff was employed by Defendant as a maintenance mechanic. Am. Compl. 2, Jan. 3, 2019, ECF No. 7. Plaintiff is over fifty-five years old and was born with the disability of having an extra vertebra. *Id.* at 2–3. Plaintiff alleges that managers and employees employed by Defendant harassed and discriminated against him on the basis of age. *Id.* at 3. Additionally, Plaintiff asserts that he faced discrimination and retaliation because of his disability. *Id.* at 4–5. Plaintiff filed suit in state court on October 8, 2018, alleging disability and age discrimination and retaliation in violation of state and federal law. Not. of Removal 1–2, Nov. 20, 2018, ECF No. 1. On November 20, 2018, Defendant removed the case to federal court. *Id.*

The instant Motion to Compel was filed on January 24, 2019. In its Motion to Compel, Defendant alleges that a valid and enforceable arbitration agreement exists and requires that Plaintiff's claims be submitted to arbitration. Mot. 1. Defendant provides its Dispute

Resolution Agreement, which expressly applies to disputes arising under the "Americans With Disabilities Act, Age Discrimination in Employment Act, . . . and state statutes, if any, addressing the same or similar subject matters." *Id.* Ex. A (Dispute Resolution Agreement), § 1.

Additionally, Defendant provides an affidavit of Lisa Marie Cano, who is a "Human Resources Business Partner and [] custodian of records." *Id.* Ex. 1. In the affidavit, Ms. Cano testifies that, during the onboarding process, Plaintiff was provided an opportunity to review the Dispute Resolution Agreement and either electronically sign or opt-out of the agreement within 30 days. *Id.* Further, Ms. Cano testifies that Plaintiff accessed the Dispute Resolution Agreement electronically as part of an online module completed at Defendant's facility. *Id.* Ms. Cano asserts that Defendant entered his unique employee identification number to access the module. *Id.* According to Ms. Cano, after completing the module, Plaintiff had the "option to accept" and then "executed the Agreement." *Id.* Defendant also provides an electronic printout that contains Plaintiff's name and employee identification number and purportedly reflects that Plaintiff completed the computer module containing the company's Dispute Resolution Agreement on

October 24, 2017. *Id.* Ex. C. According to Ms. Cano, the record was created in the ordinary course of business. *Id.* Ex. 1.

Plaintiff does not dispute that his claims are in the scope of the alleged agreement. *See* Resp. However, Plaintiff avers that Defendant has failed to establish that a valid, electronically signed arbitration agreement exists. *Id.* at 3. Plaintiff denies viewing or signing any physical or electronic Dispute Resolution Agreement. *Id.* at 4, Ex. C. Additionally, Plaintiff asserts that Defendant's proffered evidence demonstrating that Plaintiff viewed and signed the arbitration agreement should not be admissible because it contains hearsay and violates the best evidence rule. *Id.* at 5–6.

In addition to challenging the arbitration agreement's validity, Plaintiff raises procedural challenges to Defendant's Motion. Plaintiff contends that, even if this case must be arbitrated, the proper procedure for enforcing an arbitration agreement is a stay—rather than dismissal—of the action. *Id.* at 11. Further, Plaintiff asserts that Defendant has waived the right to arbitration by removing the case to federal court. *Id.* at 12.

## II. LEGAL STANDARD

The Federal Arbitration Act ("FAA") § 2 provides that:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2. This provision "reflect[s] both a 'liberal policy favoring arbitration' . . . and the 'fundamental principle that arbitration is a matter of contract.'" *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (quoting first *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983), and then *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 67 (2010)).

When considering a motion to compel arbitration pursuant to the FAA, courts employ a two-step analysis. "First, a court must 'determine whether the parties agreed to arbitrate the dispute in question.'" *Tittle v. Enron Corp.*, 463 F.3d 410, 418 (5th Cir. 2006) (quoting *Webb v. Investacorp., Inc.*, 89 F.3d 252, 258 (5th Cir. 1996)). "Second, a court must determine 'whether legal constraints external to the parties' agreement foreclosed the arbitration of those claims.'" *Fleetwood Enters., Inc. v. Gaskamp*, 280 F.3d 1069, 1073 (5th Cir. 2002) (quoting

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth*, 473 U.S. 614, 628 (1985)).

The first step of the analysis—whether the parties agreed to arbitrate the dispute in question—consists of two distinct prongs: "(1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement."[1] *Tittle*, 463 F.3d at 418–19 (quoting *Webb*, 89 F.3d at 258). "[I]n determining whether the parties agreed to arbitrate a certain matter, courts apply the contract law of the particular state that governs the agreement." *Washington Mut. Fin. Grp., LLC v. Bailey*, 364 F.3d 260, 264 (5th Cir. 2004).[2]

## III. ANALYSIS

### A. Plaintiff's Evidentiary Challenges

Plaintiff offers two challenges regarding the admissibility of Defendant's record reflecting Plaintiff's purported electronic

---

[1] Because Plaintiff does not challenge that his claims are within the scope of the arbitration agreement, this Opinion focuses on whether a valid, enforceable arbitration agreement exists.

[2] As both parties rely on Texas law in their briefing, the Court will apply Texas law. *Zamora v. Swift Transp. Corp.*, 547 F. Supp. 2d 699, 702 (W.D. Tex. 2008), *aff'd*, 319 F. App'x 333 (5th Cir. 2009).

acknowledgment of the arbitration agreement:[3] (i) that Defendant's record is hearsay and fails to satisfy the business records exception and (ii) that Defendant's record fails to satisfy the best evidence rule. Ultimately, the Court concludes that Defendant's record depicting Plaintiff's acknowledgment of the arbitration agreement is admissible.

i.  Defendant's record satisfies the business records exception to the hearsay rule.

"Hearsay" is a statement that "a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c)(2). Hearsay is not admissible unless an exception to the hearsay rule applies. *See* Fed. R. Evid. 802.

Defendant avers that the exhibits attached to the affidavit are "not hearsay" because they are instead "communications relevant to the making of a contract." Resp. 6. Signed contracts may be admissible as non-hearsay to show that the document exists but not for the truth of the matter asserted therein. *See Kepner–Tregoe, Inc. v. Leadership Software, Inc.*, 12 F.3d 527, 540 (5th Cir. 1994) ("Signed instruments

---

[3] Because Plaintiff's evidentiary challenges might affect whether the Court may rely on Defendant's proffers of evidence, the Court first considers Plaintiff's evidentiary challenges before considering whether Defendant has established that a valid arbitration agreement exists.

such as wills, contracts, and promissory notes are writings that have independent legal significance and are not hearsay.").

Here, the printout does not appear to have independent legal significance, and it is not a signed instrument. Instead, Defendant offers the document to show the truth of the matter that it asserts. Specifically, in part, the printout contains the following information: "SB011724 Gilberto Rosales Dispute Resolution Agreement 10/24/2017 21:22." Defendant provides the printout in order to demonstrate that the information it contains is true—that is, that a person using Plaintiff's unique employee number, which is associated with Plaintiff's name, accessed the Dispute Resolution Agreement module and then completed the module on October 24, 2017. Since the document is offered to prove its truth, the Court is of the opinion that Defendant's record is hearsay.

Although the record is hearsay, the Court is of the opinion that the printout should nonetheless be admissible for purposes of the Motion to Compel because the document satisfies the business records exception. An exception to the hearsay rule exists for "records of a

regularly conducted activity"—commonly referred to as the "business records exception"—if:

> (A) the record was made at or near the time by—or from information transmitted by—someone with knowledge;
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
> (C) making the record was a regular practice of that activity;
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
> (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6).

"The exception requires that either the custodian of the business records or 'other qualified witness' lay a foundation before the records are admitted." *United States v. Brown*, 553 F.3d 768, 792 (5th Cir. 2008). The Fifth Circuit has determined that "[t]here is no requirement that the witness who lays the foundation be the author of the record or be able to personally attest to its accuracy." *Id.* (quoting *United States v. Duncan*, 919 F.2d 981, 986 (5th Cir. 1990)). Rather "[a] qualified witness is one who can explain the record keeping system of the organization and vouch that the requirements of Rule 803(6) are met."

*Id.* (citing *United States v. Iredia*, 866 F.2d 114, 120 (5th Cir. 1989)).

"Whether evidence is admissible under Rule 803(6) is 'chiefly a matter of trustworthiness.'" *United States v. Wells*, 262 F.3d 455, 460 (5th Cir. 2001) (quoting *Mississippi River Grain Elevator, Inc. v. Bartlett & Co.*, 659 F.2d 1314, 1319 (5th Cir. 1981)).

In this case, the custodian of records explained that the record was made "by entering [Plaintiff's] unique employee number . . . [at] a computer kiosk." Mot. Ex. 1. Based on this testimony, the custodian of records has laid a foundation that the Dispute Resolution Agreement was acknowledged and recorded by a person using Plaintiff's unique employee number.

Plaintiff challenges whether Defendant has properly met the requirements for a business record. According to Plaintiff, Defendant "nowhere alleges 'the record was made at or near the time by—or from information transmitted by—someone with knowledge', and thus said document cannot be a record of a regularly conducted activity." Resp. 5 (emphasis omitted).

However, Defendant argues that the affidavit is sufficient because evidence in support of a motion to compel arbitration is held to a more

lenient standard than evidence used at trial. Resp. 7. Specifically,

Defendant relies on *Robertson.* *Id.* There, the court noted that "[t]o

determine if evidence in support of a motion to compel arbitration is

admissible, courts apply the same standard as that applied to a motion

for summary judgment." *Robertson v. Fiesta Rest. Grp., Inc.*, No. 3:17-

CV-00384, 2018 WL 3130677, at *3 (S.D. Tex. June 8, 2018) (citing

*Domain Vault LLC v. Rightside Group Ltd.*, 3:17–CV–0789–B, 2018 WL

638013, at *3 (N.D. Tex. Jan. 30, 2018)), *report and recommendation*

*adopted*, No. 3:17-CV-00384, 2018 WL 3121877 (S.D. Tex. June 26,

2018). Accordingly, like in a motion for summary judgment, evidence

attached to a motion to compel "is not required to be in a format that

would be admissible at trial, but the party offering the [] evidence must

be able to prove the underlying facts at trial with admissible evidence."

*Id.* Thus, the *Robertson* court applied the "more lenient" standard and

determined that a declaration similar to the affidavit submitted in this

case was admissible for purposes of the motion to compel arbitration.

*Robertson*, 2018 WL 3130677, at *3–4.

Here, the Court finds the reasoning in *Robertson* to be persuasive.

For the purposes of the instant Motion to Compel, Ms. Cano's affidavit

is sufficient to show that she could competently establish that the record is admissible at trial. The affidavit depicts that Ms. Cano is knowledgeable about how the record was made, as she describes the method by which the information was recorded and also testifies that she reviewed Plaintiff's personnel records. Mot. Ex. 1. Because evidence in support of a motion to compel may be subject to a more lenient standard than evidence offered at trial, the Court concludes that a sufficient foundation has been laid for purposes of Defendant's Motion to Compel. Accordingly, the Court will consider Defendant's proffered evidence in support of its Motion to Compel.

> ii. The best evidence rule does not preclude admission of Defendant's record because Defendant's printout qualifies as an "original."

Federal Rule of Evidence 1002—known as the "best evidence rule"—provides that "[a]n original writing, recording, or photograph is required in order to prove its content." "For electronically stored information, 'original' means any printout—or other output readable by sight—if it accurately reflects the information." Fed. R. Evid. 1001.

Plaintiff asserts that Defendant's record depicting Plaintiff's acknowledgment of receipt and notice of the arbitration agreement

"does not meet the requirements for admissibility under the Best Evidence Rule because the best evidence would be an actual record of the allegedly electronically signed arbitration agreement itself." Mot. 6. However, Plaintiff's contention fails to account for the definition of an "original" printout of electronically stored information provided by Rule 1001. Here, Defendant produced a PDF printout of electronically stored information that is an output readable by sight. Thus, the proffered evidence is an "original" for purposes of the best evidence rule. Accordingly, Defendant's record depicting Plaintiff's acknowledgment and notice of the arbitration agreement is not barred by the rule.

**B.    The Validity of the Arbitration Agreement**

In addition to raising evidentiary challenges to Defendant's proffered evidence, Plaintiff avers that the parties did not agree to arbitrate the dispute. First, Plaintiff denies that he signed the arbitration agreement. Second, Plaintiff contends that Defendant has failed to show that it has sufficient security measures in place to establish the integrity of its electronic records pursuant to Texas law.

i. <u>Whether Plaintiff's denial of having signed the</u>
<u>agreement is sufficient to create a fact issue.</u>

When evaluating whether the parties agreed to arbitrate a dispute, a court must first determine whether the party challenging the arbitration agreement has met its "threshold burden" of showing that "the making of an arbitration agreement" is "in issue." *Chester v. DirecTV, L.L.C.*, 607 F. App'x 362, 364 (5th Cir. 2015) (per curiam); 9 U.S.C. § 4. "Although there is a strong federal policy favoring arbitration, 'this federal policy favoring arbitration does not apply to the determination of whether there is a valid agreement to arbitrate between the parties.'" *Will-Drill Res., Inc. v. Samson Res. Co.*, 352 F.3d 211, 214 (5th Cir. 2003) (quoting *Fleetwood*, 280 F.3d at 1073). If the party challenging the arbitration agreement shows that there is a fact issue regarding the agreement's existence, then the burden shifts, and the party seeking arbitration must establish that a valid contract was formed pursuant to state contract law. *Id.*

"A district court must hold a trial on the existence of an arbitration agreement if a motion to compel arbitration is filed and 'the making of the arbitration agreement . . . [is] in issue.'" *Chester*, 607 F.

14

App'x at 363.[4] "To put the making of the arbitration agreement 'in issue,'" the party seeking to challenge the arbitration agreement must "'unequivocal[ly] den[y]' that he agreed to arbitrate and produce 'some evidence' supporting his position." *Id.* at 363–64 (citing *T & R Enters., Inc. v. Cont'l Grain Co.*, 613 F.2d 1272, 1278 (5th Cir. 1980)). In *Chester*, the plaintiff introduced an affidavit stating, "I do not remember signing any arbitration agreement, and dispute that I signed an arbitration agreement with [the defendant] at anytime."[5] *Id.* at. 364. The court determined that the plaintiff "unequivocally denied signing an arbitration agreement" and "provided some evidence that he did not sign an arbitration agreement—his affidavit." *Id.*

---

[4] *Chester* is an unpublished opinion. In the Fifth Circuit, an unpublished opinion "is not controlling precedent, but may be persuasive authority." *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006). Nonetheless, since *Chester* considers the issue at hand, the Court finds it to be highly persuasive.

[5] In *Chester*, the plaintiff also testified, "[h]ad I been offered an arbitration agreement I would have attempted to continue my employment without signing it, and only would have signed it if the employer threatened to terminate me if it was not signed," and "[i]f I was threatened with termination if I did not sign an arbitration agreement I would remember it. Since I do not remember any such threat I am sure I did not sign an arbitration agreement." *Id.*

Further, the Fifth Circuit has stated that "[r]efusing to order arbitration of a dispute where one of the parties claims that it never signed the agreement, and therefore never agreed to anything, is consistent with the Supreme Court's pronouncements that arbitration 'does not require parties to arbitrate when they have not agreed to do so.'" *Will-Drill*, 352 F.3d at 216–17 (quoting *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 293–94 (2002)). On the other hand, when a plaintiff testifies that he does not recall signing an agreement but fails to unequivocally deny having signed one, courts will typically compel arbitration if the defendant produces physical evidence of an arbitration agreement. *See, e.g., Thick v. Dolgencorp of Texas, Inc.*, No. 4:16-CV-00733, 2017 WL 108297, at *2 (E.D. Tex. Jan. 11, 2017) (compelling arbitration when the plaintiff's only evidence was a statement that she did not recall having electronically acknowledged or agreed to arbitrate the dispute).

Here, Plaintiff avers that he was "never presented . . . with a physical arbitration agreement" and "never signed a physical arbitration agreement." Resp. Ex. C. Moreover, Plaintiff states that he "never saw or viewed an electronic arbitration agreement" and "never

clicked on an electronic arbitration agreement." *Id.* Thus, Plaintiff

unequivocally denies having seen, signed, or clicked on any agreement.

Further, he produced some evidence—his affidavit.[6] Accordingly, the

Court concludes that a fact issue exists regarding the making of the

arbitration agreement.

Admittedly, in this case, Defendant has produced significantly

more compelling evidence that an arbitration agreement exists than did

the defendant in *Chester*. There, the defendant was unable to produce a

signed agreement and argued that the agreement had been misplaced.

*Chester*, 607 F. App'x at 365. Here, Defendant has produced an

admissible record depicting that Plaintiff electronically agreed to the

Dispute Resolution Agreement. Ultimately, though, the jury evaluates

the weight and credibility of evidence. It is possible that a jury will be

more inclined to believe a defendant that produces an admissible record

depicting the plaintiff's acknowledgment of an arbitration agreement

---

[6] According to Defendant, Plaintiff's "self-serving declaration" is "insufficient to create a fact issue." Reply 3. However, *Chester* demonstrates that an affidavit denying that the plaintiff signed an arbitration agreement can be sufficient. Because an affidavit unequivocally denying having signed an agreement is sufficient to create a fact issue, the Court believes that Plaintiff's affidavit suffices to show that the making of an agreement to arbitrate is in issue.

than a defendant that does not.  However, the fact that Defendant has produced evidence of an agreement does not eliminate the factual disagreement between the parties.  Defendant avers that Plaintiff electronically acknowledged an arbitration agreement and has a business record to support its version of the facts.  Plaintiff, on the other hand, testified under oath that he never saw, acknowledged, or signed any arbitration agreement.  Thus, a fact issue exists, and the evidence proffered by each party goes to the weight and credibility of that party's version of the facts.

Having determined that a disputed issue of fact exists, the Court next considers whether the fact issue should be resolved by a jury or by the Court through an evidentiary hearing.  Defendant believes that the Court should conduct an evidentiary hearing rather than a jury trial.  However, the FAA provides:

> If the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof. . . .  Where such an issue is raised, the party alleged to be in default[7] may, . . . demand a jury trial of such issue, and upon such demand the court shall make an order referring the issue or issues to a jury

---

[7] The "party alleged to be in default" is the party that is allegedly failing to arbitrate the dispute.  *See* 9 U.S.C. § 4.

in the manner provided by the Federal Rules of Civil Procedure, or may specially call a jury for that purpose.

9 U.S.C. § 4. Stated plainly, when the making of an arbitration agreement is in issue, and a jury has been demanded, the Court must empanel a jury to consider whether an agreement was made.

Here, Plaintiff demanded a jury in his Complaint. *See* Am. Compl. 6. When a party's jury demand does not specify the issues to be tried by a jury, that party "is considered to have demanded a jury trial on all the issues so triable." Fed. R. Civ. P. 38(c). Plaintiff did not specify issues in his jury demand. Am. Compl. 6 ("Plaintiff requests that this case be decided by a jury as allowed by the Federal Rules of Civil Procedure 38."). Accordingly, the issue of arbitrability appears to be within the scope of Plaintiff's jury demand.

For the reasons discussed above, the Court is of the opinion that Plaintiff is entitled to a jury trial on the narrow issue of whether the parties agreed to arbitration.[8] At trial, Defendant has the burden to

---

[8] At trial, neither party may refer to or present evidence on issues outside the scope of arbitrability. Evidence or arguments related to the merits of the case are not relevant to the question of arbitrability.

prove by a preponderance of the evidence that, pursuant to Texas

contract law, Plaintiff and Defendant agreed to arbitrate the dispute.

> ii. <u>Defendant has sufficiently established that the
> electronic record can be attributable to Plaintiff.</u>

The Texas Business and Commercial Code § 322.009(a) provides:

> An electronic record or electronic signature is attributable to
> a person if it was the act of the person. The act of the person
> may be shown in any manner, including a showing of the
> efficacy of any security procedure applied to determine the
> person to which the electronic record or electronic signature
> was attributable.

Plaintiff contends that, based on this statute, Defendant has failed

to establish the integrity of its records. Resp. 7.[9] As support for its

argument, Plaintiff principally relies on *Kmart* and contends that "a

party may not meet its burden to prove the validity of an electronically

---

[9] In Plaintiff's Response, it is not entirely clear whether Plaintiff is
arguing that Defendant's security measures undermine the
admissibility of the document as well as the contract's validity. On this
point, Plaintiff relies on Texas law. *See* Resp. 7. However, "federal law
governs the admissibility of evidence in diversity cases." *Dixon v. Int'l
Harvester Co.*, 754 F.2d 573, 582 (5th Cir. 1985). Thus, to the extent
that Plaintiff challenges the admissibility of evidence, Plaintiff's
reliance on state law is misplaced. Plaintiff does not cite any Federal
Rules of Evidence requiring that parties demonstrate the integrity of
their computer security system for evidence to be admissible.
Accordingly, if Plaintiff's argument regards admissibility, the Court
finds it to be unavailing.

acknowledged arbitration agreement when the proffered affidavit testimony 'never vouches for the integrity of those records or explains any security measures [the party] uses to ensure its computer systems or software cannot be tampered with.'" *Id.* (quoting *Kmart Stores of Texas, LLC*, 510 S.W.3d at 570 n.6.) (emphasis omitted). In *Kmart*, the litigant had not made even a "bare showing" that would allow the court to infer that any security measures were in place to show that the electronic act was attributable to the person. *Id.*

In this case, Defendant has demonstrated that Defendant has a system in place to ensure that an electronic signature was made by the person to whom it is attributed. Specifically, Defendant has shown that employees enter unique employee identification numbers when they access electronic modules during the onboarding process. The Texas statute allows broad latitude in establishing the integrity of an electronic signature. *See* TEX. BUS. & COMM. CODE § 322.009(a) (providing that "any manner" may be used to show that the electronic signature belongs to the person to whom it is attributed). The use of an electronic identification number is certainly a manner by which the

integrity of a signature may be established. Accordingly, the Court concludes that Defendant has met the requirements of § 322.009(a).

## C.    Plaintiff's Procedural Challenges

Plaintiff raises two procedural challenges to Defendant's Motion: (i) that Defendant waived its rights to arbitration by removing the case to federal court, and (ii) that the FAA mandates that actions be stayed, rather than dismissed, pending arbitration. In this section, the Court addresses each of Plaintiff's arguments and concludes: (i) that Plaintiff did not waive arbitrability by removing the case, and (ii) that if this case is submitted to arbitration, then the Court may dismiss the case.

### i.    Defendant did not waive the ability to compel arbitration by removing the case to federal court.

"The right to arbitrate a dispute, like all contract rights, is subject to waiver." *Nicholas v. KBR, Inc.*, 565 F.3d 904, 907 (5th Cir. 2009). "There is a strong presumption against waiver of arbitration." *Subway Equip. Leasing Corp. v. Forte*, 169 F.3d 324, 326 (5th Cir. 1999). "Although waiver of arbitration is a disfavored finding, '[w]aiver will be found when the party seeking arbitration substantially invokes the judicial process to the detriment or prejudice of the other party.'" *Id.* (quoting *Miller Brewing Co. v. Fort Worth Distrib. Co.*, 781 F.2d 494,

496–497 (5th Cir. 1986)). Thus, to show that Defendant waived arbitration, Plaintiff must show (1) that Defendant invoked the judicial process and (2) that Plaintiff faced detriment or prejudice as a result.

A party may invoke the judicial process "by initially pursuing litigation of claims then reversing course and attempting to arbitrate those claims" or by "some overt act in Court that evinces a desire to resolve the arbitrable dispute through litigation rather than arbitration." *Id.* (citing *Gulf Guar. Life Ins. Co. v. Conn. Gen. Life Ins. Co.*, 304 F.3d 476, 484 (5th Cir. 2002)). For example, a plaintiff who filed a lawsuit and pursued her claim for ten months before asserting a right to arbitrate the dispute waived her right to arbitration. *Nicholas v. KBR, Inc.*, 565 F.3d 904, 908 (5th Cir. 2009). Additionally, prejudice "refers to the inherent unfairness in terms of delay, expense, or damage to a party's legal position that occurs when the party's opponent forces it to litigate an issue and later seeks to arbitrate that same issue." *Republic Ins. Co. v. PAICO Receivables, LLC*, 383 F.3d 341, 346 (5th Cir. 2004) (quoting *Subway Equip. Leasing Corp. v. Forte*, 169 F.3d 324, 327 (5th Cir. 1999)).

Plaintiff contends that, by removing this case to federal court, Defendant substantially invoked the judicial process and waived its right to arbitration. However, Plaintiff has not demonstrated either prong of the test—that is, Plaintiff has not shown that Defendant invoked the judicial process or that Plaintiff faces prejudice. Removal alone is not sufficient to establish that a party invoked the judicial process. *See, e.g., Dale v. Citigroup Glob. Markets, Inc.*, No. CV M-12-82, 2012 WL 13046848, at *5 (S.D. Tex. June 13, 2012) ("Defendants' removal-related activities do not demonstrate substantial invocation of the judicial process."). Defendant has not pursued claims and then reversed course in favor of arbitration. Nor has Defendant showed any desire to litigate the merits of this case rather than submitting Plaintiff's claims to arbitration. Moreover, Plaintiff has not—and, it appears, cannot—establish prejudice. Defendant has not subjected Plaintiff to expense or delay by seeking to litigate the case's merits. Rather, Defendant removed the case and then promptly raised the issue of arbitrability. In sum, the Court is of the opinion that Defendant did not waive its ability to compel arbitration.

ii. When all issues in a case are submitted to arbitration, a court may dismiss—rather than stay—the case.

According to the Fifth Circuit, § 3 of the FAA "was not intended to limit dismissal of a case in the proper circumstances. The weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration." *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992) (emphasis omitted). Thus, if all of a plaintiff's claims must be submitted to arbitration, the district court may stay or dismiss the case. Accordingly, the Court disagrees with Plaintiff's contention that, if arbitration is ordered, the FAA would mandate that the case be stayed pending arbitration.

Currently, a fact issue exists regarding whether the parties agreed to arbitrate the dispute. Thus, neither a stay nor dismissal is appropriate until and unless the fact issue is resolved in favor of arbitration. If a jury determines that the parties agreed to arbitrate the dispute, then the Court would have discretion to either stay or dismiss the case.

## IV. CONCLUSION

In conclusion, the Court is of the opinion that it should empanel a

jury to determine the narrow issue of whether the parties agreed to arbitrate this dispute. Ultimately, if the jury determines that the parties agreed to arbitrate this dispute, then the Court will compel arbitration.

Accordingly, **IT IS ORDERED** that the issue of whether the parties agreed to arbitrate this dispute shall be submitted to a jury.

**IT IS FURTHER ORDERED** that a **STATUS CONFERENCE** is **SET** on **April 11, 2019, at 9:30 a.m.** in Courtroom Number 622, on the Sixth Floor of the United States Courthouse, 525 Magoffin Avenue, El Paso, Texas.

**IT IS FINALLY ORDERED** that both parties bring their trial calendars to the status conference.

SIGNED this ___3___ day of **April, 2019.**

PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE